ETON CHEMISTS, INC., Respondent, *v.* HENRY SUSSMAN, Doing Business under the Name of THRIFT DRUG, Appellant.

*Per Curiam.* The fair trade prices at the time of the sales in controversy were not sufficiently established by competent evidence. Moreover the injunction granted was entirely too broad. The judgment appealed from orders, adjudges and decrees " that the defendant, his agents, servants and employees and all others claiming by, through or under him, be and hereby are perpetually enjoined and restrained from advertising, offering for sale or selling in the City and State of New York, any patent medicines, drugs, cosmetics and other articles now sold or purveyed, or hereafter to be sold or purveyed, in the store of the defendant, which are sold and distributed by manufacturers, wholesalers and distributors pursuant to fair trade contracts and which products bear the trade-mark, brand or name of said manufacturers, wholesalers and distributors, at less than the prices established and stipulated in such fair trade contracts or at less than the prices that may hereafter be established under and by virtue of the terms of said contracts."

The injunction covers violations of fair trade contracts not alleged in the complaint or established at the trial and goes to the extent of including within its terms products not even dealt with by the plaintiff retailer. In effect it is an injunction at the instance of one retailer restraining the defendant from violating the provisions of the Feld-Crawford Act (General Business Law, art. 24-a) generally. Such an injunction under the circumstances here presented is without basis in fact or in law.

On the retrial the court will consider, among other things, to what extent, this cause is governed by the decision of the Supreme Court of the United States in *Schwegmann Bros.* v. *Calvert Distillers Corp.* (341 U. S. 384).

Accordingly, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.